1   FISHER & PHILLIPS LLP
    SCOTT M. MAHONEY, ESQ.
2   Nevada Bar No. 1099
    WHITNEY J. SELERT, ESQ.
3   Nevada Bar No. 5492
4   3800 Howard Hughes Parkway
    Suite 950
5   Las Vegas, NV  89169
    Telephone:  (702) 252-3131
6   Facsimile:  (702) 252-7411
7   E-Mail Address:  wselert@laborlawyers.com

8   Attorneys for Defendant

9                 **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF NEVADA**

11   ANGELA MARTINEZ, an Individual,  )   Case No.
                                       )
12              Plaintiff,             )
                                       )   **NOTICE OF REMOVAL OF**
13        vs.                          )   **ACTION**
                                       )
14   VADATECH, INC.; EMPLOYEE(S)/      )
15   AGENT(S) DOES 1-10; and ROE       )
     CORPORATIONS 11-20, inclusive,    )
16                                     )
                                       )
17              Defendants.            )
     _____ )

18

19   TO: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

20          PLEASE TAKE NOTICE that Defendant, VadaTech, Inc., by and through its

21   counsel, FISHER & PHILLIPS LLP, hereby files this Notice of Removal of Action of

22   this cause from the Eighth Judicial District Court of the State of Nevada, Case No. A-

23   14-707948-C (the "State Action"), in which it is now pending, to the United States

24   District Court for the District of Nevada, and respectively states as follows:

25

26          1.     The jurisdiction of this court is invoked under 29 U.S.C. § 201, *et seq.*

27          2.     On October 1, 2014, Plaintiff filed her Complaint in the State Action,

28   which Complaint was served on Defendant on December 18, 2014.   All process,

**FISHER & PHILLIPS LLP**
3800 Howard Hughes Parkway, Suite 950
Las Vegas, Nevada 89169

FPDOCS 30297362.1                            - 1 -

1  pleadings and orders served on Defendant in connection with the State Action are

2  attached.

3      3.      The grounds for removal are as follows: the Complaint alleges claims

4  under the Fair Labor Standards Act, presenting federal questions under 29 U.S.C.

5  § 201, *et seq.*

6

7      4.      This Notice of Removal of Action is executed pursuant to Rule 11 of the

8  Federal Rules of Civil Procedure.

9      DATED this 18th day of December, 2014.

10                                 FISHER & PHILLIPS LLP

11

12                                  /s/ Whitney J. Selert, Esq.
                                   SCOTT M. MAHONEY, ESQ.
13                                 WHITNEY J. SELERT, ESQ.
                                   3800 Howard Hughes Parkway
14                                 Suite 950
                                   Las Vegas, Nevada 89169
15

16                                 Attorneys for Defendants

17              **<u>CERTIFICATE OF ELECTRONIC SERVICE</u>**

18      This is to certify that on the 18th day of December 2014, the undersigned, an

19  employee of Fisher & Phillips LLP, electronically filed the foregoing Notice of

20  Removal of Action with the U.S. District Court, and a copy was electronically

21  transmitted from the court to the e-mail address on file for:

22

23              Christian Gabroy, Esq.

24

25              By: /s/ Denise M. Karpa
                   An employee of Fisher & Phillips LLP

26

27

28

FISHER & PHILLIPS LLP
3800 Howard Hughes Parkway, Suite 950
Las Vegas, Nevada 89169

FPDOCS 30297362.1

- 2 -

Electronically Filed
10/01/2014 04:59:12 PM

1

**COMP**
GABROY LAW OFFICES
Christian Gabroy (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704
CHRISTIAN@GABROY.COM
*ATTORNEYS FOR PLAINTIFF*

CLERK OF THE COURT

2

3

4

5

6

7

8                          **DISTRICT COURT**

9        **EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

10

11   ANGELA MARTINEZ, an Individual,          Case No.: A-14-707948-C

                                              Dept.:    XXIII
              Plaintiff,
12
     vs.
13
     VADATECH, INC.;                          **COMPLAINT**
14   EMPLOYEE(S)/AGENT(S) DOES 1-10;
     and ROE CORPORATIONS 11-20,              **(JURY DEMAND)**
15   inclusive,
16           Defendants.

17                          **COMPLAINT AT LAW**

18        COMES NOW Plaintiff, Angela Martinez ("Plaintiff" or "Martinez"), by and through

19   her attorney Christian Gabroy, Esq. of Gabroy Law Offices, and hereby alleges and

20   complains against Defendant Vadatech, Inc. ("Defendant" or "Vadatech") and states as

21   
22   follows:

23                     **NATURE OF PLAINTIFF'S CLAIMS**

24        1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et*

25   *seq.* ("FLSA"), and Nevada Revised Statute ("NRS") 608.140, *et. seq,* for Defendants'

26   
27   failure to pay lawful wages to Plaintiff.  Plaintiff customarily worked in excess of 40 hours

per week for Defendant but was not paid all of her earned wages including her earned

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1   wages for her time worked in excess of forty (40) hours per individual work week.

2   Defendants' unlawful compensation practices have had the effect of denying Plaintiff her

3   earned and living wages including but not limited to her overtime wages and regular

4   wages. An estimated and approximated amount of wages and penalties owed and due to

5   Plaintiff has been previously provided by Plaintiff in a five day demand to Defendants

6   pursuant to NRS 608.140. Defendants did not honor such demand. Defendants did not

7   negotiate in good faith regarding such demand. See attached consent to joinder hereto as

8   Exhibit I.

9

10          2.      Plaintiff herein demands a jury trial on all issues triable by jury.

11                                  **THE PARTIES**

12          3.      At all times relevant, Plaintiff was a resident of and domiciled within Clark

13   County, in the State of Nevada.

14          4.      At all times relevant, Defendant was incorporated under the laws of the

15   State of Nevada, was listed with the Nevada Secretary of State, and was doing business

16   within Clark County, NV, where the subject unlawful employment practices occurred.

17

18          5.      At all times, Defendant was an "enterprise" as defined by in Section 3(r)(1)

19   of the FLSA, 29 U.S.C. §203(r)(1). More specifically, Defendant was an enterprise

20   engaged in commerce or in the production of goods for commerce within the meaning of

21   Section 3(s)(1)(A) of the FLSA in that Defendant has engaged in an annual gross volume

22   of sale made or business done that exceeds the $500,000.00 minimum threshold

23   requirement of the FLSA, exclusive of excise taxes.

24

25          6.      At all times hereto, Defendant was Plaintiff's "employer" and thus subject to

26   the FLSA, 29 U.S.C. §201 *et seq.* At all times hereto, Defendant had custody or control

27   over the Plaintiff and her employment, and was responsible for Plaintiff's labor and

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

employment matters while Plaintiff was employed by Defendant at the time Plaintiff's wages were lawfully due.

7.      The true names of DOES 1 through 10 and Roe Corporations 11 through 20, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that Defendants, including DOES 1 through 10 and Roe Corporations 11 through 20, were individuals who are in some manner negligent and wrongful towards Plaintiff, were Plaintiff's employer, caused injury to Plaintiff, and/or otherwise damaged Plaintiff.  Plaintiff is further informed and believes, and therefore alleges, that each of the Defendants, designated as DOES 1 through 10 and Roe Corporations 11 through 20, are or may be, legally responsible for the events referred to in this action and other events not mentioned in this action, and caused damages to the Plaintiff including but not limited to causing Plaintiff to not be paid her lawful wages.  Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and otherwise which states in relevant part that this action may be maintained in any Federal or State court of competent jurisdiction.

## FACTUAL ALLEGATIONS

9.      Defendant offered to employ Plaintiff on or about June 24, 2011.

10.      On or about July 18, 2011, Plaintiff began work for Defendant in an inside

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

sales support position.

11.     Defendant holds itself out to the public as "the leading manufacturer of MicroTCA hardware and software platforms," and that its work environment "promotes excellence, learning, collaboration, and development."

12.     Plaintiff was an exceptional employee that was devoted and committed to her work with Defendant. Plaintiff's work responsibilities included, but are not limited to, generating sales quotations and sales acknowledgments, maintaining customer profiles and a central customer database, assisting sales managers with proposals, coordinating sales meetings and conference calls, training, writing and updating procedures, and booking corporate travel.

13.     Plaintiff was initially paid an approximate annual salary of $50,000.00. Over time, she received various raises. See attached correspondence hereto as EXHIBIT II.

14.     On or about January 18, 2013, Plaintiff's rate of pay increased to approximately $55,000.00 annually.

15.     Plaintiff routinely did work in excess of forty hours per week, but was not lawfully compensated for this extra work by Defendant.

16.     In or around September of 2013, Plaintiff was no longer paid salary as Defendant elected to pay Plaintiff on an hourly basis.

17.     After Defendant elected to pay Plaintiff as an hourly employee, Defendant limited the number of hours Plaintiff worked in order to limit the amount of overtime that Plaintiff worked.

18.     According to Plaintiff's paycheck dated 12/06/2013, Plaintiff was paid at a rate of $27.40 for each hour worked and such paycheck showed she worked around 40 hours per week. See a true and correct copy of Plaintiff's paycheck attached hereto as

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Exhibit III.

19. Generally, Defendant's employees often experienced technical difficulties with the electronic time clock intended to track the hours that employees worked.

20. Plaintiff informed her supervisor when she experienced technical difficulties with the electronic time clock intended to track her hours worked.

21. Plaintiff informed Defendant's human resources department as well as her immediate supervisor of harassment she experienced at work.

22. After Plaintiff opposed harassment and unlawful work practices, Plaintiff's supervisor began to allege that Plaintiff clocked in for hours not worked.

23. On or about June 17, 2014, Defendant terminated Plaintiff for the proffered reason of "time card fraud."

24. Plaintiff opposed in writing her supervisor's accusations of alleged "time card fraud" and requested an investigation of such accusations.

25. At all times relevant, Defendant did not engage in good faith in an investigation regarding Plaintiff's alleged "time card fraud."

26. At all relevant times, Defendant did not engage in progressive discipline or disciplinary action against Plaintiff.

<u>COUNT I</u>
<u>Violation of the Fair Labor Standards Act- Wages</u>
<u>29 U.S.C. §201 et seq. (FLSA)</u>

27. Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, et seq., for its failure to pay lawful wages to Plaintiff including but not limited to paying Plaintiff for all time worked in excess of forty (40) hours in individual work weeks.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

29.     At all material times hereto, Plaintiff was employed by Defendants as an "employee" within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).  Plaintiff performed a variety of job duties and responsibilities for Defendants within this judicial district and Plaintiff was employed in an inside sales support position.

30.     At all material times hereto, Defendant was Plaintiff's "employer" per the FLSA, 29 U.S.C. §203(d).

31.     At all relevant times and during the course of her employment for Defendant, Plaintiff was employed by Defendant and was not exempt from the overtime wages provisions of FLSA 29 U.S.C. §207.

32.     Plaintiff was directed by Defendant to work, and/or Defendant suffered Plaintiff to work, and Plaintiff did such work, in excess of forty (40) hours per week.

33.     Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regularly hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

34.     Defendant did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.   Instead, Defendant paid Plaintiff at her regular rate of pay for all hours worked, including hours worked in excess of forty (40) in individual work weeks.  For example, Plaintiff worked in excess of 40 (forty) hours per week but was paid only for a forty hour week with no overtime on a set salary basis.  In violation of the law, Plaintiff worked in excess of 40 hours a week but was only paid for 40 hours a week.

35.     As a result of Defendant's failure and refusal to pay lawful wages, including overtime wages, to Plaintiff for all time worked in excess of forty(40) hours per week Defendant violated FLSA 29 U.S.C. §207.

36.     Defendants willfully violated the FLSA by refusing to pay Plaintiff lawful wages, including overtime wages, for all time worked in excess of forty (40) hours per week.  All of the alleged various violations of the law herein were committed intentionally and/or willfully by the Defendants herein.

37.     Per the FLSA, Plaintiff seeks all available damages including but not limited to attorneys' fees, liquidated damages, and all lawful wages.

38.     As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

39.     As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

40.     Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

### COUNT II
### Violation of Nevada Revised Statute 608.005 *et. seq*-Wages

41.     Plaintiff hereby realleges and incorporates paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.     NRS 608.005, *et. seq.* which applies to Defendant's business, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week or eight (8) hours per day. Defendants failed to pay Plaintiff her lawful wages in accordance with NRS 608.005, *et.*

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

*seq.* by compensating Plaintiff on a set basis of forty hours per week, although Plaintiff worked over forty hours a week.

43.     Further, upon information and belief, Defendant failed to provide Plaintiff and maintain all records in accordance with NRS 608.15 and has been damaged thereto.

44.     Pursuant to NRS 608.005, *et. seq.* Plaintiff seeks all available damages for such unlawful payment practices and improper records of wages.

45.     As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

46.     As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

47.     Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     All damages and penalties allowed under NRS 608.005 *et. seq.*;

D.     Reasonable attorneys' fees and costs incurred in filing this action;

E.     Compensatory Damages in excess of $10,000.00;

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

F.      Special Damages in excess of $10,000.00;

G.      Prejudgment and Post-Judgment Interest;

H.      Such other and further relief as this Court deems appropriate and just.

Dated this _____ day of October 2014.

                                            Respectfully submitted,

                                            GABROY LAW OFFICES

                                            By    _____
                                            CHRISTIAN GABROY
                                            The District at Green Valley Ranch
                                            170 South Green Valley Parkway, Suite
                                            280
                                            Henderson, Nevada 89012
                                            Tel    (702) 259-7777
                                            Fax    (702) 259-7704

# EXHIBIT I

I hereby consent to join this matter as a Plaintiff.

Angela Martinez
Name

Signature

# EXHIBIT II



THE POWER OF VISION

June 24, 2011

Angela Martinez
3407 S. Meadow Breeze Way
West Valley City, UT 84128

Dear Angela:

We are pleased to advise that upon careful consideration, VadaTech Incorporated has chosen to extend an offer of employment to you for the position of Inside Sales Support, commencing no later than July 18, 2011. This is a full time salaried position, which requires your attendance at the Henderson, NV office during normal office hours.

Your biweekly salary will be $1,923.08 ($50,000 annually), less applicable withholdings. In keeping with our standard hiring practices, you will be placed on probation for a period of 90 days. Paid time off will start to accrue after 6 months of employment at a biweekly rate of 4.615 hours per pay period (15 days per year). Your health benefits will start first of the month after your probationary period ends.

In addition to your wages, you will be entitled to the following:
1. Bonuses payable at the discretion of the employer.
2. Stock options given at the discretion of the employer.
3. Benefits provided in accordance with the employer's benefit plan.

In your work for VadaTech, you will be expected not to use or disclose any confidential information, including trade secrets of any former employer or other person to whom you have an obligation of confidentiality. You agree that you will not bring onto VadaTech premises any unpublished documents or property belonging to any former employer or other person to whom you have an obligation of confidentiality. The expectation is that you will use only that information which is generally known and used by persons with training and experience comparable to your own, which is common knowledge in the industry or otherwise legally in the public domain, or which is otherwise provided or developed by VadaTech.

To ensure a high level of integrity is maintained, as a precondition to employment, we would request that you provide the following:

1. A signed and dated copy of the following employment documents:
   a. Employment agreement (this letter)
   b. Confidentiality and Non-Disclosure agreement
   c. VadaTech Employment Application

2. Proof of your work eligibility in the United States.

RKiRiK.Wryland.com

Employment with VadaTech is at-will. Should you decide to accept our offer, you will be an at-will employee within the company. This means the employment relationship can be terminated by either one of us at any time for any reason, with or without cause. The at-will nature of employment with VadaTech constitutes the entire agreement between you and VadaTech. Any changes to these terms must be in writing and signed by you and the company President.

If you are agreeable to these terms, please sign and return this letter to Rosamari McNulty via email or fax (702-566-3094) no later than July 1, 2011. We are confident that VadaTech will provide you with an interesting and challenging career opportunity. If you have any questions or concerns, please do not hesitate to contact me at 702-896-3337.

Yours truly,

Saeed Karamooz
President

I have read this offer letter in its entirety and agree to the terms and conditions of employment. I understand and agree that my employment with VadaTech is at will.

_____          _____
Angela Martinez                                        Date

# EXHIBIT III

THE FACE OF THIS DOCUMENT CONTAINS MICROPRINTING • THE BACKGROUND COLOR CHANGES GRADUALLY AND EVENLY FROM DARKER TO LIGHTER WITH THE DARKER AREA AT THE TOP

VadaTech INC.
198 N GIBSON ROAD
HENDERSON NV 89014

1502-8621
2 Corporate & Engine
EE ID: 27

| DATE | CHECK NO. |
|------|-----------|
| 06/06/2014 | 5984 |

PAY TO THE
ORDER OF

ANGELA MARTINEZ
3669 VIA VICCHIO
HENDERSON NV 89052

Total Net Direct Deposit(s)
* *$1699.21* *
AMOUNT

VOID THIS IS NOT A CHECK ............................................... DOLLARS

**NON-NEGOTIABLE**
AUTHORIZED SIGNATURE(S)

TO VERIFY AUTHENTICITY OF THIS DOCUMENT THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

FOLD AND REMOVE                                         FOLD AND REMOVE

**PERSONAL AND CHECK INFORMATION**
Angela Martinez
3669 Via Vicchio
Henderson, NV 89052

Soc Sec #: xxx-xx-xxxx   Employee ID: 27
Home Department: 2 Corporate & Engineering

Pay Period: 05/18/14 to 05/31/14
Check Date: 06/06/14   Check #: 5984

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|-------------|-----------------|---------|
| C    Amount | 0.00 | 0.00 |
| Clng 0194 | 1699.21 | 19542.79 |
| NET PAY | 1699.21 | 19542.79 |

**TIME OFF** (Based on Policy Year)

| DESCRIPTION | AMT TAKEN | AVAIL BAL |
|-------------|-----------|-----------|
| PTO | 80.00 hrs | 23.34 hrs |

**EARNINGS**

| DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|-------------|-----------|------|-----------------|-----------|---------|
| Hourly | 71.77 | 27.4000 | 1966.50 | 834.45 | 22638.97 |
| Overtime | | | | 28.41 | 1187.64 |
| Holiday | 10.50 | 27.4000 | 287.70 | 42.50 | 1149.14 |
| PTO | | | | 80.00 | 2166.96 |
| EARNINGS | 82.27 | | 2254.20 | 985.36 | 27324.71 |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|-------------|---------------|-----------------|---------|
| Social Security | | 139.76 | 1699.25 |
| Medicare | | 32.69 | 395.07 |
| Fed Income Tax | S 0 | 382.54 | 4521.36 |
| TOTAL | | 554.99 | 6605.68 |

**DEDUCTIONS**

| DESCRIPTION | | THIS PERIOD ($) | YTD ($) |
|-------------|--|-----------------|---------|
| SUPP Post Tax | | | 625.40 |
| TO-PIA MED PRE | | | 78.80 |
| TO-PXEXP EEPR | | | 472.04 |
| TOTAL | | | 1176.24 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---------|-----------------|---------|
| | 1699.21 | 19542.79 |

*Payrolls by Paychex, Inc.*

0902 1502-8621  VadaTech Inc • 198 N Gibson Road • Henderson NV 89014 • (702) 896-3337

**IAFD**
GABROY LAW OFFICES
Christian Gabroy, Esq. (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

ANGELA MARTINEZ, an Individual,

              Plaintiff,

vs.

VADATECH, INC.;
EMPLOYEE(S)/AGENT(S) DOES 1-10;
and ROE CORPORATIONS 11-20,
inclusive,

              Defendants.

Case No. A-14-707948-C
Dept.:    XXIII

**Initial Appearance Fee Disclosure**

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

    Angela Martinez, Plaintiff              $270.00

    TOTAL REMITTED              $270.00

Dated this 1st day of October 2013.

                    GABROY LAW OFFICES

By: _____
                Christian Gabroy (#8805)
                170 South Green Valley Parkway,
                Suite 280
                Henderson, Nevada 89012
                Tel    (702) 259-7777
                Fax    (702) 259-7704

Page 1 of 1

SUMM

# District Court
## CLARK COUNTY, NEVADA

ANGELA MARTINEZ, an Individual,

        Plaintiff,

vs.

VADATECH, INC.; EMPLOYEE(S)/AGENT(S)
DOES 1-10; and ROE CORPORATIONS 11-20,
inclusive,

        Defendants.

Case No.  A-14-707948-C
Dept. No. XXIII

}

## SUMMONS

**NOTICE!   YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A Civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

## VADATECH, INC. c/o SAEED KARAMOOZ

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the request of:

_____

Christian Gabroy
Nevada Bar No. 8805
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Attorney for Plaintiff

STEVEN D. GRIERSON, CLERK OF COURT

        JOSEFINA SAN JUAN

By:_____

    Deputy Clerk        Date
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89101

DEC - 2 2014

*NOTE: When service is by publication, add a brief statement of the object of the action.
        See Rules of Civil Procedure, Rule 4(b).

# DISTRICT COURT CIVIL COVER SHEET

Clark County, Nevada

Case No. A-14-707948-C   Dept XXIII

*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| ANGELA MARTINEZ | VADATECH, INC.; EMPLOYEE(S)/AGENT(S) DOES 1-10; |
| | and ROE CORPORATIONS 11-20, inclusive; |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Gabroy Law Offices | |
| 170 S Green Valley Parkway, Suite 280 | |
| Henderson, NV 89012 | |
| (702) 259-7777 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

**Civil Case Filing Types**

| Real Property | | Torts |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☑ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

| 10/1/14 | |
|---|---|
| Date | Signature of initiating party or representative |

*See other side for family-related case filings.*